IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| WILLIAM DOUGLAS HARDING, <br> Plaintiff, | § § § § | |
| V. | § § § § § | CIVIL ACTION NO.   7: 17-CV-00008 |
| ALASKA FUEL DISTRIBUTORS, INC. <br> d/b/a AFD PETROLEUM and AFD <br> PETROLEUM, LTD., <br> Defendants. | § § § § § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, William Douglas Harding ("Plaintiff" or "Doug Harding"), Plaintiff in the above styled and numbered cause, and files this, his Original Complaint, complaining of Alaska Fuel Distributors, Inc. d/b/a AFD Petroleum and AFD Petroleum, Ltd. (collectively "Defendants"), and for causes of action would show as follows:

## I.
## INTRODUCTION

1. This action seeks equitable relief, actual damages, compensatory and punitive damages, attorney's fees, expert witness fees, costs, and pre-judgment and post-judgment interest for Defendants' violation of the employee protection provisions of the Surface Transportation Assistance Act, 49 U.S.C. § 31105 ("STAA").

2. Harding demands a jury on all issues triable to a jury.

## II.
## PARTIES

3.     Plaintiff Doug Harding is an individual that lives in Spotsylvania, Spotsylvania County, Virginia. He is a former employee, within the meaning of the STAA, of the Defendants.

4.     Defendant Alaska Fuel Distributors, Inc. d/b/a AFD Petroleum is an Alaska for-profit corporation with an office in Midland, Texas. Service of this Summons and Complaint on this Defendant may be made by serving its registered agent Universal Registered Agents, Inc., 823 Congress Avenue, Suite P-4, Austin, TX 78701. This Defendant was Plaintiff's former employer and at all relevant times has been a commercial motor carrier under the STAA.

5.     Defendant AFD Petroleum, Ltd. is a Canadian limited partnership with headquarters in Alberta, Canada and an office in Midland, Texas. Service of this Summons and Complaint on this Defendant may be made pursuant to Federal Rule of Civil Procedure 4(h)(2) in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. This Defendant was Plaintiff's former employer and at all relevant times has been a commercial motor carrier under the STAA.

## III.
## JURISDICTION AND VENUE

6.     This Court has jurisdiction over Plaintiff's STAA claims in this matter pursuant to 28 U.S.C. § 1331 because such claims arise under federal law. The STAA also provides this Court with jurisdiction over these claims. 49 U.S.C. § 31105(c).

7.     Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. Plaintiff's employment was based out of Midland, Texas and Plaintiff was fired in

Midland, Texas. The Defendants maintain an office in Midland, Texas, and their agents participated in the acts complained of in this Complaint in Midland, Texas.

8. All conditions precedent to filing this lawsuit have been met.

## IV.
## PROCEDURAL REQUISITES

9. Doug Harding filed a complaint alleging discharge, discipline, and discrimination in violation of the STAA with the United States Secretary of Labor on June 6, 2016.

10. The U.S. Department of Labor ("DOL") acknowledged receipt of the complaint and assigned the case number as 6-4140-16-065.

11. Two hundred and ten (210) days have passed since the filing of the complaint and the Secretary of Labor has not issued a final decision.

12. Pursuant to Section (c) of the employee protection provisions of the STAA, Plaintiff properly brings his STAA claims in this Court at this time. 49 U.S.C. § 31105(c).

13. All conditions precedent under the STAA to filing Harding's claims in this lawsuit have been met.

## V.
## FACTS

14. Doug Harding began employment with Defendants as a commercial truck driver on or about June 8, 2015. As a truck driver in interstate commerce for Defendants, Harding transported fuel in an 18-wheeler truck for natural gas and oil field operations. His primary routes involved transporting fuel from Defendants' yard in Midland, Texas to drilling locations in eastern New Mexico.

15. During Harding's employment, Defendants were subject to the STAA and

numerous commercial motor vehicle safety regulations, including regulations promulgated by The Federal Motor Carrier Safety Administration and the State of Texas.

16. During his employment with Defendants, Harding witnessed numerous violations of commercial motor vehicle safety regulations and standards. These violations included operation of trucks that were not in compliance with safety regulations and standards, as well as hours of service violations.

17. On one occasion, Mr. Harding was instructed by Defendants to continue driving a tanker truck that was leaking fuel from the "belly" of the truck. Despite the leak, Defendants wanted Harding to continue driving to a frac site almost three hours away. Harding refused to do so, as continuing to drive the truck was a serious hazard to Harding and the general public.

18. On March 9, 2016, Harding emailed formal complaints to Ted Rutherglen, who was Defendants' Vice-President for Human Resources. Harding had previously asked Defendants' office manager in Midland for contact information for human resources and was given Mr. Rutherglen's information. While Harding attempted to remain somewhat anonymous in avoidance of retaliation, the content of his complaint clearly identified that he was the author of the correspondence.

19. Harding's complaints included complaints related to violations of commercial motor vehicle safety regulations and standards. Harding complained about the Respondent's operation of a truck without registration and license plates that was carrying hazardous materials on highways. He also complained about being forced to break hours of service regulations. He complained about the leaking tank incident described above and Defendants' treatment of him following his refusal to drive the dangerous truck.

20. The very next morning after his complaint, March 10, 2016, Harding was sent home early from work after an "inspection" of the truck he was driving that day.

21. On March 11, 2016, only two days after his complaint of violations of commercial motor vehicle safety regulations and standards, Defendants terminated Harding.

22. Defendants' purported reason for firing Harding was pretext for their discrimination and retaliation against Harding for filing his protected complaint.

23. Harding brings this case pursuant to the STAA for his wrongful termination for filing a complaint related to a violation of a commercial motor vehicle safety or security regulation, standard, or order, in violation of 29 U.S.C. § 31105.

24. Harding also brings this complaint because he was fired and discriminated against because Defendants perceived that he had filed or was about to file a complaint related to a violation of commercial motor vehicle safety, in violation of 29 U.S.C. § 31105.

25. Harding also brings this complaint because he was fired and discriminated against because he refused to operate a vehicle in a manner that would have violated a regulation, standard, or order of the United States related to commercial motor vehicle safety, health, or security, in violation of 29 U.S.C. § 31105.

26. Harding also brings this complaint because he was fired and discriminated against for refusing to operate a vehicle when he had a reasonable apprehension of serious injury to himself or the public because of the vehicle's hazardous safety condition, in violation of 29 U.S.C. § 31105.

## VI.
## CAUSE OF ACTION

27. Harding incorporates by reference all of the foregoing allegations in each of the

paragraphs above as fully set forth herein.

28. Defendants' conduct constitutes an unlawful discharge, unlawful discrimination, and unlawful discipline in violation of the STAA, 49 U.S.C. § 31105.

29. Harding is entitled to recover attorney's fees, expert witness fees, and litigation costs for bringing this action under the STAA.

30. As a result of Defendants' conduct, Harding seeks relief which includes, but is not limited to: (1) back pay; (2) reinstatement, or if reinstatement is not feasible, front pay; (3) benefits in the past and the future; (4) litigation costs, expert witness fees and attorneys' fees; (5) compensatory damages in the past and in the future, including but not limited to damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, as allowed by law; (6) damages for any tax penalties incurred for receiving wages pursuant to a lump-sum award; (7) pre-judgment and post-judgment interest as allowed by law; (8) an order that Defendants cleanse Harding's employment records with Defendants and purge all employment records of any references that Harding was fired for cause; (9) an order that Defendants must post written notice at Defendants' Midland office advising that the disciplinary action taken against Harding has been expunged and that Harding has prevailed on his cause of action under the STAA against Defendants; (10) a declaration that Defendants' acts and practices complained of in this Complaint violate the STAA; and (11) such other relief, legal or equitable, as may be warranted or to which Harding is entitled.

31. Additionally, since Defendants' actions were intentional and/or with reckless or callous indifference to Harding's federally protected rights, Harding is entitled to recover

punitive and/or exemplary damages in an amount to deter Defendants and others similarly situated from conduct in the future.

## VII.
## JURY DEMAND

32. Harding has requested a trial by jury on issues triable by a jury in this case.

## VIII.
## PRAYER

33. WHEREFORE, Harding respectfully prays that upon final hearing and trial hereof, this Court grant Harding judgment for the following against both Defendants:

    a. A declaration that Defendants' acts and practices complained of in this Complaint violate the STAA;

    b. Actual damages for the period of time provided by law, including appropriate backpay and other benefits;

    c. Reinstatement, or if reinstatement is not feasible, front pay;

    d. Benefits in the past and future;

    e. Compensatory damages (past and future), including but not limited to damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, as allowed by law;

    f. Punitive and/or exemplary damages, as allowed by law;

    g. Damages for any tax penalties incurred for receiving wages pursuant to a lump-sum award;

    h. Attorneys' fees both for this cause, and for any and all appeals as may be

    necessary;

i.  Pre-judgment and post-judgment interest as allowed by law;

j.  Costs of court and other costs of prosecuting Harding's claims;

k.  Expert witness fees;

l.  An order that Defendants cleanse Harding's employment records with Defendants and purge all employment records of any references that Harding was fired for cause;

m.  An order that Defendants must post written notice at Defendants' Midland office advising that the disciplinary action taken against Harding has been expunged and that Harding has prevailed on his cause of action under the STAA against Defendants; and

n.  Such other relief, legal or equitable, as may be warranted or to which Harding is entitled.

Respectfully Submitted,

**The Cook Law Firm**
919 Congress Avenue, Suite 1145
Austin, Texas 78701
Telephone: (512) 482-9556
Telecopier: (512) 597-3172

By: /s/ R. Scott Cook
_____
Russell Scott Cook
State Bar No. 24040724
scook@rcooklaw.com
Melissa A. Jacobs
State Bar No. 24046144
mjacobs@rcooklaw.com

**ATTORNEYS FOR PLAINTIFF**